**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,
P.O. Box 710
Tucson, AZ 85702

     *Plaintiff*,

  v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,
1200 Pennsylvania Avenue NW
Washington, DC 20460

     *Defendant*.

Civil Action No.: 20-cv-3033

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

**(Freedom of Information Act,
5 U.S.C. § 552)**

**INTRODUCTION**

1.     In this action, Plaintiff Center for Biological Diversity ("Center")—an environmental conservation organization that works to protect native wildlife and their habitats—challenges the failure and refusal of Defendants U.S. Environmental Protection Agency ("EPA") to provide records to the Center in response to its October 28, 2019 request under the Freedom of Information Act ("FOIA") for records of communication involving EPA employee Jeffrey Sands ("Mr. Sands") and triazine herbicides, including the herbicide atrazine. Prior to joining the EPA, Mr. Sands was a lobbyist for Syngenta, the agribusiness corporation that manufactures the herbicide atrazine.

2.     Atrazine is an endocrine-disrupting herbicide that castrates frogs and is linked to birth defects and cancer in people. Due to its well-documented health risks, atrazine has been banned or is being phased out in more than 35 countries. However, it remains the second-most

COMPLAINT

1

used herbicide in the United States. The United States Department of Agriculture reports that more than 30,000 tons (60 million pounds) of atrazine are used annually in the United States.[1]

3.     A study reports that realistic exposures of atrazine suggest that amphibian species exposed to atrazine in the wild could be at risk of impaired sexual development.[2] The study concluded, "[t]his widespread compound and other environmental endocrine disruptors may be a factor in global amphibian declines."[3] Further, a "preliminary risk assessment" found that the amount of the herbicide released into the environment in the United States is likely to be harming most protected plant and animal species, including mammals, birds, amphibians, and reptiles.

4.     Atrazine and other triazine herbicides are dangerous toxins that harm human health and the environment.[4]

5.     The Center's FOIA request seeks from the EPA, from October 1, 2017 to April 1, 2018, all records of communication involving EPA employee Mr. Sands mentioning the following terms, phrases, or acronyms: atrazine, simazine, triazine, propazine, Level of Concern, LOC, CELOC, ERA, Risk Assessment, amphibian, Scientific Advisory Panel, SAP, plant communities, corn, and/or Syngenta. Defendant's delays in providing records in response to the FOIA request at issue illegally suspends the disclosure and dissemination of information that is of public interest regarding public health and the environment, and that relates to EPA's authorization of the use of atrazine, simazine, triazine, and/or propazine as an herbicide.

6.     The requested records are meaningfully informative about government operations

---

[1] Tyron Hayes et al., *Hermaphroditic, Demasculinized Frogs After Exposure to the Herbicide Atrazine at Low Ecologically Relevant Doses*, 99 PROC. NATL. ACAD. SCI. U.S.A. 5476, 5476 (2002), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC122794/pdf/pq0802005476.pdf.
[2] *Id.*
[3] *Id.*
[4] *Id.*

COMPLAINT

or activities and will contribute to an increased understanding of those operations and activities by the public. Disclosure of the requested records will allow the Center to convey to the public information about EPA's process of re-approving atrazine, propazine, and simazine for use across the United States. Mr. Sands was the former Manager of Syngenta's Federal Government and Industry Relations Group at Syngenta, and was Director of SyngentaPAC, a political action committee.  As a former political operative for the primary manufacturer of atrazine the public has a right to know whether Mr. Sands has been involved in EPA's registration review process for pesticides related to his former employer. Once the information is made available, the Center will analyze it and present it to its over 1.7 million members, online activists, and the general public in a manner that will meaningfully enhance the public's understanding of this topic.

7.      Prompt access to public records is necessary to effectuate FOIA's purpose of transparency. The Center thus seeks declaratory relief establishing that EPA has violated FOIA. The Center also seeks injunctive relief ordering EPA to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

11.     Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

COMPLAINT

## PARTIES

12.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitat, public health, and the environment, including from exposure to harmful chemicals and other herbicides. Informing the public about the activities of the federal government is central to the Center's mission. The Center educates and counsels its members and the public on environmental issues, policies, and laws through media, advocacy, its website, and publications that are widely distributed.

13.     The Center and its over 81,000 members are harmed by Defendant's violations of FOIA because such violations preclude the Center from obtaining information about the harmful environmental and human health effects of the use of use of atrazine, simazine, triazine, and/or propazine as an herbicide, as well as understanding issues associated with the federal government's regulatory approach in allowing the use of use of atrazine, simazine, triazine, and/or propazine as an herbicide, and the approval of the use of these herbicides.

14.     Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate, and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitats, and advocate for steps to reduce threats to public health and the environment.

15.     Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the United States government. EPA is in possession and control of the records that the Center seeks, and, as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

COMPLAINT

## STATUTORY BACKGROUND

16.     FOIA requires agencies of the federal government to release records to the public upon request unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

17.     FOIA places the burden on the federal agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

18.     FOIA imposes strict deadlines on federal agencies to respond to requests. *Id.* § 552(a)(6)(A). Within 20 working days of receiving a request, an agency must gather and review responsive records, determine and communicate the scope of the records it intends to produce or withhold and the reasons for withholding any records, and provide the right to seek assistance from the FOIA Public Liaison and the right to appeal the agency's determination. *Id.*; *see also Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

19.     In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

20.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request.  5

COMPLAINT

U.S.C. § 552(a)(3)(C)-(D).

21.     FOIA requires federal agencies to promptly disclose requested records. 5 U.S.C. §

552(a)(3)(A), (a)(6)(C)(i).

22.     In certain limited instances, records may be withheld pursuant to nine specific

exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's

dominant objective of disclosure, not secrecy.

23.     A requester "shall be deemed to have exhausted his [or her] administrative

remedies with respect to such request if the agency fails to comply with the acceptable time limit

provisions" of FOIA. *Id.* § 552(a)(6)(C)(i). In that event, FOIA authorizes the requester to

immediately seek relief in federal court. *Id.* § 552(a)(4)(B).

24.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

### A.  Request to EPA (EPA-HQ-2020-000623)

25.     On October 28, 2019, the Center submitted to EPA a FOIA request seeking the

following records:

> From October 1, 2017 to April 1, 2018, all records of communications involving
> EPA employee Jeffrey Sands ("Mr. Sands") mentioning the following terms,
> phrases, or acronyms: 1. Atrazine; 2. Simazine; 3. Triazine; 4. Propazine; 5. Level
> of Concern; 6. LOC; 7. CELOC; 8. ERA; 9. Risk Assessment; 10. Amphibian; 11.
> Scientific advisory panel; 12. SAP; 13. Plant communities; 14. Corn; and/or 15.
> Syngenta.

26.     On October 28, 2019, EPA sent an automatic acknowledgement of the receipt of

the Center's FOIA request and assigned it EPA FOIA Tracking No. EPA-HQ-2020-000623.

COMPLAINT

27.     On October 30, 2019 EPA responded to the Center's FOIA request, stating:

> Pursuant to 40 C.F.R. § 2.104(d), an extension of time to respond to your request
> is necessary. Given the scope of the request, EPA anticipates that the response
> will require a significant amount of EPA's resources and time to search for and
> collect the requested records from field facilities or other establishments that are
> separate from the office processing the request. EPA has begun coordinating the
> search for responsive records in our files. Because of the unusual circumstances
> described above, it is difficult to predict with certainty how many records may be
> involved. EPA anticipates that the response will take at least an additional 10
> working days to respond. If EPA will require more than the additional 10 working
> days to respond, our FOIA Program will contact you to provide information on
> the estimated date of completion, and an opportunity to modify your request so
> that it may be processed more quickly.

28.     On December 1, 2019, the Center sent EPA's FOIA Public Liaison a notice of

deadline violation, request for an estimated date of completion, and an offer to assist for EPA-

2020-000623 FOIA Request. The center noted that:

> Since the request was submitted, 34 workdays have passed with no responsive
> records or determination from EPA. Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A)(i),
> a determination on this request was due on December 11, 2019 which is 20
> workdays after your receipt of the request plus 10 workdays for EPA's extension.…
> EPA invoked the 10-working day extension; however, it did not include an
> estimated completion date for a determination of the FOIA request. Moreover, we
> are now past the deadline set by the 10-workday extension.…
>
> Additionally, beyond the estimated decision date mandate that 5 U.S.C. §
> 522(a)(6)(B)(i) imposes, as noted above, for any response taking longer than ten
> days, EPA must inform the requester "(i) the date on which the agency originally
> received the request; and (ii) an estimated date on which the agency will complete
> action on the request." *Id.* at § 552(a)(7)(B). Therefore, as required by 5 U.S.C. §
> 552(a)(7)(B)(ii), we request that EPA immediately provide an estimated date by
> which we can expect completion of the agency's unlawfully delayed response to
> our FOIA request.…

29.     On December 17, 2019, the Center emailed FOIA HQ requesting

acknowledgement that EPA received the Center's notice of deadline violation, request for

determination, and offer to assist.

COMPLAINT

30.     On December 18, 2019, EPA employee Victor Farren, responded to the Center's

notice of deadline violation, request for determination, and offer to assist. Mr. Farren stated:

> Your search request has already been submitted for collection and the process is
> ongoing. I will contact you when we have received the pre-case assessment which
> will give us an idea of the potential universe of responsive documents. I expect to
> receive it in the next 10 days…Once I receive the pre-case assessment[,] I will reach
> out to you to discuss next steps.

31.     On December 19, 2019, Kevin Hill, on behalf of FOIA HQ, responded to the

Center's notice of deadline violation, request for determination, and offer to assist, stating:

"[r]eceived, thank you."

32.     On August 28, 2020, the Center sent EPA a second notice of deadline violation,

request for estimated date of completion, and an offer to assist for EPA FOIA request EPA-HQ-

2020-000623. The Center stated:

> Since the request was submitted, 210 workdays have passed with no responsive
> records or determination from EPA. Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A)(i),
> a determination on this request was due on December 11, 2019 which is 20
> workdays after your receipt of the request plus 10 workdays for EPA's
> extension….EPA invoked the 10-working day extension; however, it did not
> include an estimated completion date for a determination of the FOIA request.
> Moreover, we are now past the deadline set by the 10-workday extension.

33.     EPA did not respond to the Center's August 20, 2020 second notice of deadline

violation, request for estimated date of completion, and offer to assist for EPA FOIA request

EPA-HQ-2020-000623.

34.     EPA has not provided the Center with any records responsive to the Center's

FOIA request EPA-HQ-2020-000623.

35.     EPA has not requested additional information from the Center or notified the

Center of any unusual circumstances that prevent it from complying with FOIA's deadline for

determination. *See* 5 U.S.C. § 552(a)(6)(A)-(B).

COMPLAINT

36.     EPA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in FOIA request EPA-HQ-2020-000623.

37.     The Center has exhausted its administrative remedies with respect to claims related to this FOIA request. 5 U.S.C. § 552(a)(6)(C)(i).

38.     The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Comply with FOIA's Mandatory Determination Deadline)**

39.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40.     The Center properly requested records within the control of EPA through its October 28, 2019 FOIA request to the agency, EPA-HQ-2020-000623.

41.     The Center has a statutory right to receive a lawful final determination from EPA on its FOIA Request, EPA-HQ-2020-000623, in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3)(A). EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. *Id*. § 552(a)(6)(A)(i).

42.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

43.     The Center's organizational activities will be adversely affected if EPA can continue violating FOIA's disclosure provisions.

44.     Unless enjoined and made subject to a declaration of the Center's legal rights by

COMPLAINT

this Court, EPA will likely continue violating the Center's rights to receive public records under FOIA.

45.　　The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### (Failure to Conduct an Adequate Search for All Responsive Records)

46.　　Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47.　　The Center has a statutory right to have EPA process its FOIA request in a manner that complies with FOIA. *Id.* § 552(a)(3)(A).

48.　　EPA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request, EPA-HQ-2020-000623.

49.　　Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

50.　　Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will likely continue violating the Center's rights to receive public records under FOIA.

51.　　The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

COMPLAINT

## THIRD CLAIM FOR RELIEF:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### (Failure to Promptly Disclose All Responsive Records)

52.      Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

53.      The Center has a statutory right to the records that it requested. 5 U.S.C. § 552(a)(3)(A). EPA has violated the Center's rights in this regard by failing to promptly provide all responsive records—and reasonably segregable, nonexempt portions of responsive records—related to FOIA request EPA-HQ-2020-000623.

54.      EPA has provided no lawful basis to withhold records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(3)(A), (a)(8), (b).

55.      Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

56.      Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will likely continue violating the Center's rights to receive public records under FOIA.

57.      The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)      Declare that Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's October 28, 2019 FOIA request;

COMPLAINT

(2)     Order Defendant to search for all responsive records to Plaintiff's October 28, 2019 FOIA request using search methods reasonably likely to lead to discovery of all responsive records, with the cut-off date for such searches being the date each agency initiates its search;

(3)     Order Defendant to produce, by a date certain, all nonexempt responsive records and reasonably segregable portions of the records, and a *Vaughn* index of any responsive records or portion of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4)     Enjoin Defendant from continuing to withhold nonexempt responsive records or segregable portion of the records responsive to Plaintiff's FOIA request;

(5)     Retain jurisdiction of this action to ensure the lawful processing of Plaintiff's FOIA request;

(6)     Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7)     Grant any such further relief as the Court may deem just and proper.

Dated this 21st day of October, 2020.

Respectfully submitted,

 */s/Jonathan Evans*
Jonathan Evans (D.C. Bar No. CA00044)
Center for Biological Diversity
1212 Broadway #800
Oakland, CA 94612
Telephone: (510) 844-7100 x318
Cellphone: (213) 598-1466
jevans@biologicaldiversity.org
*Attorney for Plaintiff Center for Biological Diversity*

COMPLAINT
                        12